IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE DUHREAL FLAGG-EL, AIS No. 310705, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 1:22-cv-264-WHA-JTA |
| THE HOUSTON COUNTY SHERIFF DEPT. and JAIL, et al., | ) ) ) |
| Defendants. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      INTRODUCTION**

Plaintiff Andre Flagg-El, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, filed this Complaint, proceeding *pro se*, on a form used by inmates for 42 U.S.C. § 1983 actions. Plaintiff files suit against 14 named defendants alleging that they assaulted him without provocation and punished him by subjecting him to unconstitutional conditions of confinement before placing him in disciplinary segregation November 30, 2019. Doc. No. 1 at 2, 3. Defendants are sued in their individual and official capacities for which Plaintiff seeks injunctive and declaratory relief along with punitive damages. *Id.* at 4. In addition, Plaintiff demands a trial by jury. *Id.*

After review of the Complaint, the undersigned RECOMMENDS that this case be DISMISSED as set forth below.

## II.    STANDARD OF REVIEW

Because the Court granted Plaintiff leave to proceed *in forma pauperis* (*see* Doc.
No. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) which
requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous
or malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C.
§ 1915A(b). A claim is frivolous if it "lacks and arguable basis either in law or fact."
*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant
is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an
affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327;
*Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), or any
portion of the Complaint (*see* 28 U.S.C. § 1915A(b)), for failure to state a claim upon which
relief may be granted.  To state a claim upon which relief may be granted, "a complaint
must contain sufficient factual matter, accepted as true, to state a claim to relief that is
plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks
omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content
that "allows the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Id*.

In analyzing § 1915 cases, "the court is authorized to test the proceeding for
frivolousness or maliciousness even before service of process or before the filing of the
answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the

absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an [*in forma pauperis*] proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## III.    DISCUSSION

Statute of limitations is usually raised as an affirmative defense. In an action proceeding *in forma pauperis* under § 1983, the Court may consider affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citation omitted); *Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (same).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id*. (*citing* Ala. Code

§ 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*citing Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

The Complaint reflects that the events Plaintiff seeks to challenge occurred on November 30, 2019. Plaintiff, however, did not file this action until April 24, 2022, which was almost five months after the limitations period expired.[1] It is therefore clear from the face of the Complaint that this action is time-barred and due to be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (explaining that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

In light of the determination that this action is subject to dismissal based on the applicable statute of limitations, the Court finds Plaintiff's request for preliminary injunctive relief (*see* Doc. No. 1) is due to be denied and that it is unnecessary to address additional deficiencies in the Complaint including that it names defendants not subject to suit under § 1983 and fails to identify which defendants are allegedly responsible for which conduct.

---

[1] The Court considers April 24, 2022, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on May 3, 2022, Plaintiff signed his Complaint on April 24, 2022, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

Further, amendment of the Complaint here is not warranted.  Courts may dismiss a *pro se* complaint without affording an opportunity to amend when it is clear that a potential amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that "[a] district court need not, however, allow an amendment … where amendment would be futile"); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). Because Plaintiff's § 1983 claims are barred by the applicable two-year statute of limitations, the Court finds any amendment would be futile. *See Bowhall v. Dep't of Def.*, No. 2:10-cv-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS:

1. Plaintiff's Motion for Preliminary Injunction (Doc. No. 1) be DENIED.

2. Plaintiff's Complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the statute of limitations.

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is ORDERED that by **November 8, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive

or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of October, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE